IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| L.T. LEWIS, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2293-N |
| | § | |
| SHERIFF LESLIE COTTON, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by L.T. Lewis, Jr., a former inmate in the Navarro County Jail,[1] against Sheriff Leslie Cotton and two jail employees. On December 31, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on February 11, 2009, and served supplemental interrogatory answers on March 2, 2009. The court now determines that this case should be summarily dismissed.

---

[1] Plaintiff was transferred to the Bradshaw Unit of the TDCJ-CID after this lawsuit was filed.

II.

Plaintiff was incarcerated in the Navarro County Jail from September 23, 2008 until February 2009. During that time, plaintiff, who suffers from diabetes and hypertension, alleges that jail officials failed to regularly monitor his blood sugar levels or check his blood pressure. Plaintiff also complains that he was not properly treated for back pain. By this suit, plaintiff seeks unspecified monetary damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim on which relief may be granted; or

    (3)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against two defendants named in his complaint--Sheriff Leslie Cotton and Captain Tommy Nichols. As supervisors, these defendants are liable only if they: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege that either of these defendants failed to monitor his blood sugar levels, check his blood pressure, or treat him for back pain. Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances. (*See* Mag. J. Interrog. #6 & 7). Even if proved, such a claim is not actionable under 42 U.S.C. § 1983. *See Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P, 2007 WL 1791266 at *2 (N.D. Tex. Jun. 6, 2007) (failure to take corrective action in response to grievance does not rise to level of personal involvement).

C.

Plaintiff's medical care claim against the remaining defendant is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128

L.Ed.2d 811 (1994). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

When asked to elaborate on his medical care claim, plaintiff explained that the jail medical staff monitored failed to monitor his blood sugar for as many as nine days at a time, checked his blood pressure only three times, and did not properly treat his back pain. (*See* Mag. J. Interrog. #1). Sometimes plaintiff went "a number of days" without any medical treatment at all. (*Id.*). Even if these facts support a claim of deliberate indifference, plaintiff has failed to show that the actions of jail officials resulted in "substantial harm." In fact, plaintiff concedes that he has "no way of knowing the exstent [sic] of damage" caused by the failure to treat his diabetes. (*See* Mag. J. Supp. Interrog. #2). That plaintiff cannot sleep at night because he is afraid of "going in a coma" and that his "blood sugar is always to [sic] high," (*see* Mag. J. Interrog. #1 & 8), without more, does not give rise to a constitutional violation. *See e.g. Stangel v. UTMB Michael Unit*, No. 6-07-CV-0287, 2007 WL 4353432 at *5 (E.D. Tex. Dec. 11, 2007) (conclusory allegations by prisoner that inadequate medical treatment affected his daily activities and might result in permanent disability held insufficient to establish substantial harm); *Williams v. Browning*, No. V-03-157, 2006 WL 83433 at *1-3 (S.D. Tex. Jan. 11, 2006) (dismissing claim of diabetic inmate who failed to allege facts demonstrating substantial harm caused by the inability to obtain medications on time); *Sledge v.*

*Dawson State Jail*, No. 3-03-CV-0202-R, 2003 WL 21501821 at *2 (N.D. Tex. Jun. 24, 2003), *aff'd*, 91 Fed.Appx. 931, 2004 WL 232887 (5th Cir. Feb. 6, 2004) (same); *see also Early v. Dallas County Jail's Medical Doctors*, 163 F.3d 1356 (Table), 1998 WL 857872 at *1-2 (5th Cir. Nov. 17, 1998) (same as to dismissal of complaint filed by inmate who did not receive blood pressure medication for several days).[2]

It also is apparent from plaintiff's interrogatory answers that he was treated by a jail physician, Dr. Shaw, for back pain. When plaintiff realized that he was being charged $16.00 for each visit, plaintiff stopped trying to see the doctor. (*See* Mag. J. Interrog. #8). Certainly, plaintiff's own decision to discontinue his medical treatment is not actionable under 42 U.S.C. § 1983.

D.

Nor is plaintiff entitled to an injunction with respect to his future medical needs. His transfer from the Navarro County Jail to the TDCJ-CID moots any claim for injunctive relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Shockley v. University of Texas Medical Branch*, No. 3-06-CV-0223-K, 2007 WL 1976460 at *3-4 (N.D. Tex. Jul. 1, 2007).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[2] Plaintiff also fails to satisfy the requirements of the Prison Litigation Reform Act ("PLRA"), which prohibits a prisoner from filing a civil action in federal court "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because the PLRA does not bar the recovery of nominal or punitive damages upon proof of a constitutional violation, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), the court does not rely on the "physical injury" requirement in recommending the dismissal of this case.

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 10, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE